**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

JEAN-MARIE PIERROT,

                    Plaintiff,

         v.                                               9:14-CV-1535
                                                             (GLS/CFH)

C.O. M. PISERCHIA; SGT. S. HAHN,

                      Defendants.
_____

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                              **OF COUNSEL:**

Jean-Marie Pierrot
Plaintiff Pro Se
13-A-5029
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN          RYAN E. MANLEY, ESQ.
Attorney General for the                     Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 1224-0341

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff <u>pro se</u> Jean-Marie Pierrot, an inmate currently in the custody of Great Meadow Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, who at all relevant times were correctional officers at Adirondack Correctional

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

Facility ("Adirondack"), violated his rights under the Eighth Amendment of the Constitution of the United States.  Dkt. No. 7.  On February 12, 2015, the Court ordered that Pierrot I (9:14-CV-1535) and Pierrot II (9:14-CV-1536) be consolidated, with Pierrot I treated as the "lead" case, and the complaint in Pierrot II as the operative pleading.  Dkt. No. 6.  On May 7, 2015, defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), alleging that plaintiff failed to exhaust his administrative remedies before filing suit.  Dkt. No. 26.  On May 22, plaintiff filed a response in opposition to defendants' motion to dismiss.  Dkt. No. 29.  On May 28, 2015, defendants filed a reply.  Dkt. No. 31.

## I. Background

The facts are reviewed in the light most favorable to plaintiff as the non-moving party. See subsection II(A) infra.  At all relevant times, plaintiff was an inmate at Adirondack.  Dkt. No. 7, at 5.

On October 9, 2014, plaintiff filed a grievance against C.O. M. Piserchia and Sergeant Hahn, employees of Adirondack.  Dkt. No. 7, at 3.  The grievance alleged that, on October 1, 2014, plaintiff was physically assaulted by both defendants.  Id. at 4. Specifically, plaintiff contends that, upon "signing the conclusion for [his] quaterly [sic] interview with [his] guidance counselor," he was subjected to offensive language from Hahn. Id.  Sgt. Hahn then allegedly punched plaintiff's face and began choking him, while plaintiff attempted to convey to Hahn that he did not wish to fight.  Id.  Plaintiff further alleges that he escaped the assault momentarily, only to be chased down by Hahn with the help of Piserchia.  Id.  The alleged beating continued while plaintiff lay on the ground, while he was

2

restrained by handcuffs that Piserchia had placed on him.  Id.   Hahn punched plaintiff in his nose, and Hahn, Piserchia, and " a few officers" "stomped on [him] repeatedly."  Id.  Plaintiff did not resist "from the moment C.O. M. Piserchia dragged [him] to the ground into Sgt. Hahn's Tier office."  Id.  Plaintiff was bleeding from his nose and the side of his head.  Id.

In response to the alleged beating by Piserchia and Hahn, plaintiff authored a grievance on October 3, 2014.  Dkt. No. 7-1, at 1.  The Inmate Grievance Program Office ("IGP") received the grievance on October 9.  Id.  On the same day, plaintiff was notified by the IGP that his grievance against Piserchia and Hahn had been forwarded to the Superintendent's office.  Dkt. No. 7-1, at 3.[2]  Superintendent Uhler responded to plaintiff's grievance by letter dated October 30, stating that an investigation revealed no basis for plaintiff's claims and that his grievance was denied.  Dkt. No. 7-1, at 4.

In response to the Superintendent's denial, plaintiff submitted an appeal to CORC on November 10, 2014.  Dkt. No. 7, at 2.  Due to a lack of response from CORC regarding his appeal, plaintiff reasoned that, since he had "received no decision [he] had exhausted [his] remedies."  Dkt. No. 29, at 6.  Plaintiff then, on December 19, 2014, commenced this action alleging that Piserchia and Hahn had violated his constitutional rights by assaulting him. Dkt. Nos. 1, 7.  Approximately two months after the commencement of this action, on February 18, 2015, CORC rendered its decision denying plaintiff's grievance.  Dkt. No. 29-1, at 15.

In this Court's Decision and Order, filed February 12, 2015, plaintiff's due process

---

[2] Since plaintiff's grievance against defendants involved "code 49 harassment/misconduct," his grievance was sent directly to the Superintendent, bypassing a ruling by the Inmate Grievance Resolution Committee.  Dkt. No. 7-1 at 3.

claims against Hahn for his filing of a false misbehavior report and coercing others to prepare or use false documents at his disciplinary hearing were dismissed with prejudice. Dkt. No. 6, at 8.

## II. Discussion[3]

As relevant here, plaintiff alleges that defendants violated the Eighth Amendment by subjecting him to excessive force and failing to protect him, and the First Amendment[4] by retaliating against him for filing grievances. Dkt. No. 7, at 5-6. Specifically, plaintiff argues that defendants subjected him to cruel and unusual punishment by attacking him, causing physical and mental injuries. Dkt. No. 7, at 5.

### A. Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss, under Rule 12(b)(6), because such statements are not entitled to the presumption of truth. Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). However, the court must accept all factual allegations in the complaint as true, and draw "all reasonable inferences in the

---

[3] Unpublished decisions cited to within this Report-Recommendation and Order are attached herein.

[4] Although plaintiff does not cite the First Amendment, applying the special solicitude due, plaintiff he appears to implicate this right. Dkt. No. 7 at 6.

4

plaintiff's favor." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 124 (2d Cir. 2008) (quoting Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008)) (internal quotations and citation omitted). Enough factual allegations must accompany a complaint's legal conclusions in order for the court to conclude that the claim to relief is plausible. Ashcroft, 556 U.S. at 670.

Pleadings drafted by pro se plaintiffs must be construed liberally and held to lesser standards than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Reading a pro se complaint liberally, the court must "interpret [the complaint] to raise the strongest arguments that [it] suggest[s]." Weixel v. Bd. of Educ., 287 F.3d 138, 146 (2d Cir. 2002). However, the "special solicitude" afforded to pro se litigants does not allow courts to read into a pleading claims that are inconsistent with the pleading's allegations, nor does it "exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).

### B. Failure to Exhaust Administrative Remedies

Suits brought by inmates under § 1983 or other federal law regarding prison conditions are subject to a requirement mandating that plaintiffs exhaust their administrative remedies prior to commencing lawsuits. 42 U.S.C. § 1997e(a). The exhaustion requirement outlined in § 1997e(a) applies to all prisoners and their suits alleging violations in the prison context. Porter v. Nussle, 534 U.S. 516, 520 (2002). The Prison Litigation Reform Act ("PLRA"), as amended in 1996, leaves no discretion to the district courts, as the exhaustion requirement is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Prisoners must now exhaust all 'available' remedies.").

5

Although exhaustion is mandatory, "certain caveats apply." Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004). The Second Circuit adheres to a three-part inquiry in where the plaintiff plausibly seeks to challenge an assertion that his case must be dismissed for failure to exhaust all administrative remedies. Brownell v. Krom, 446 F.3d 305, 311-12 (2d Cir. 2006) (quoting Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)). The court's determination begins with first asking:

> whether administrative remedies were in fact "available" to the prisoner. [Second], [t]he court should also inquire . . . whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. [Third], [i]f the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether *special circumstances* have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

Brownell, 446 F.3d at 311-12 (quoting Hemphill, 380 F.3d at 686).

In determining whether administrative remedies are available under the PLRA, courts must inquire whether the remedies "afford[ed] 'the possibility of some relief for the action complained of.'" Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). In making that determination, courts "should be careful to look at the applicable set of grievance procedures, whether city, state or federal." Abney, 380 F.3d at 668 (quoting Mojias v. Johnson, 351 F.3d 606, 610 (2d Cir. 2003)). In New York State, the Department of Corrections and Community Supervision ("DOCCS") provides prisoners a three-step inmate grievance program. 7 NYCRR § 701.1(c). The first step involves the inmate filing a complaint, within twenty-one days of the incident, that is

6

reviewed by the Inmate Grievance Resolution Committee (IGRC).  Id. at § 701.5(a), (b).  The inmate may appeal an unfavorable ruling to the facility superintendent, and subsequently make a final appeal to the Central Office Review Committee (CORC).  Id. at § 701.5(c), (d).  The inmate has seven days to file the appeal after receiving the decision from the IGRC or superintendent.  Id.  The superintendent must render a decision within twenty days of receipt of the appeal, and CORC must render its decision within thirty days.[5]  7 NYCRR § 701.5(c), (d).

Although a procedure allowing inmates to file and appeal grievances may be established, those remedies may not be considered "available" in certain circumstances.  Abney, 380 F.3d at 667-69 (holding that administrative remedies were not available to the plaintiff because the appeal deadline had passed before he discovered that the favorable resolution that he had won was not being implemented); Phelan v. Swan, 9:11-CV-314 (DNH/CFH), 2015 WL 807041, at *4 (N.D.N.Y. Feb. 26, 2015) (holding that threats may render administrative remedies unavailable, but that a mere "allegation of a generalized fear of retaliation . . . is insufficient to excuse a failure to file a grievance.").  Thus, the second step of the inquiry consists of determining whether the defendant's actions inhibited the inmate's ability to exhaust the available administrative remedies.  Brownell, 446 F.3d at 311 (quoting Hemphill, 380 F.3d at 686).  A defendant's interference with the plaintiff's ability to exhaust his remedies results in an inability to raise the nonexhaustion defense, as it is an affirmative defense subject to estoppel.  See Ziemba v. Wezner, 366 F.3d 161, 161-63 (2d Cir. 2004) (holding that the defendants were estopped from claiming failure to exhaust

---

[5] If a grievance "raises a bona fide harassment issue . . . Level I review is bypassed and the matter is sent directly to the Superintendent for review."  Hemphill, 380 F.3d at  684.

7

because the defendants inhibited the plaintiff's ability to exhaust by "beating him, threatening him, denying him grievance forms and writing utensils, and transferring him to another prison."); but see Murray v. Palmer, No. 9:03-CV-1010 (GTS/GHL), 2010 WL 1235591, at *5 (N.D.N.Y. Mar. 31, 2010) (noting that the defendants were not estopped from asserting the nonexhaustion defense because the plaintiff offered no evidence showing that the defendants interfered with his use of the grievance system).

"Special circumstances may exist that amount to a justification" where an inmate failed to exhaust the available administrative remedies, and the defendants did not inhibit the availability of such remedies. Giano, 380 F.3d at 677 (internal quotation marks and citation omitted). What constitutes justification involves "looking at the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." Brownell, 446 F.3d at 312 (quoting Giano, 380 F.3d at 678). In the event of improper exhaustion, an inmate may be able to claim the existence of special circumstances where his interpretation of "unclear administrative regulations" was reasonable. Reynoso v. Swezey, 238 F. App'x. 660, 662 (2d Cir. 2007) (citing Giano, 380 F.3d at 678-79). If such a justification is found by the court, the administrative remedies are considered to have not been available, and, therefore, the defendants cannot assert the nonexhaustion defense. Brownell, 446 F.3d at 312 (citation omitted).

If it is found that the plaintiff has not exhausted all available administrative remedies, his or her case should be dismissed without prejudice. Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec's. Dealers, Inc., 560 F.3d 118, 124 (2d Cir. 2009) (citation omitted). Since "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw," and "[i]f the time permitted for pursuing administrative remedies has not expired, a prisoner

. . . can cure the defect by exhausting [the available remedies] and reinstating his suit."
Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2003) (amended 2004)(quoting Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999)).

Here, plaintiff filed this action on December 19, 2014, and at that time CORC had yet to issue a decision on plaintiff's CORC appeal. Dkt. No. 7, at 1-2. Despite plaintiff's assertions to the contrary, plaintiff did not fully exhaust his administrative remedies prior to filing this lawsuit because CORC's decision was outstanding. See Couvertier v. Jackson, No. 9:12-CV-1282 (DNH/DEP), 2014 WL 2781011, at *4 (N.D.N.Y. June 19, 2014) (citing Partee v. Grood, 06-CV-1552 (SAS), 2007 WL 2164529, at *3 (S.D.N.Y. July 25, 2007) (noting that an inmate has not exhausted his administrative remedies until receiving a response from CORC). That fact that CORC's decision to uphold the denial of plaintiff's grievance was issued February 18, 2015 – after plaintiff already commenced this action – does not cure the exhaustion defect because a plaintiff "is required to have properly exhausted *before* he sues." Couvertier, 2014 WL 2781011, at *4 (quoting Burgos v. Craig, 307 F. App'x. 469, 471 (2d Cir. 2008) (emphasis added). Despite plaintiff's failure to exhaust, defendants' motion to dismiss cannot be granted without further inquiry into whether special circumstances exist excusing his failure to exhaust. See Brownell, 446 F.3d at 311-12.

As noted, the first factor inquires as to whether administrative remedies were available to plaintiff. Brownell, 446 F.3d at 311-12. Throughout his pleadings, plaintiff admits that he filed a grievance against Piserchia and Hahn, which was subsequently forwarded to the Superintendent, and that he appealed the Superintendent's denial to CORC. Dkt. No. 7, at 2; Dkt. No. 29, at 6. Thus, administrative remedies were available to

plaintiff.

Despite the availability of remedies, due to his successful use of the IGP, the inquiry continues by asking whether defendants' actions inhibited the procedure's availability. See Brownell, 446 F.3d at 311-12. Plaintiff's memorandum in opposition, liberally construed, asks the Court to estop defendants from asserting the nonexhaustion defense. Dkt. No. 29, at 3. This request is supported by plaintiff's statement that his use of the grievance system was subject to "[a] realistic threat of a repeating injury." Id. Plaintiff further contends that he was placed in the Special Housing Unit ("SHU")[6] as a result of filing a grievance against Piserchia and Hahn, that "procedurally defective hearings [and] retaliatory [m]isbehavior [r]eports" hindered the availability of administrative remedies, and that prison officials "invented a screening procedure and did not allow [him] to file [his] grievance." Dkt. No. 29, at 4-5. However, these generalized and unsupported claims fail to account for the fact that plaintiff clearly made use of all available administrative remedies in that he timely filed a grievance, which was properly transferred to the Superintendent, and timely appealed the Superintendent's denial to CORC. See Dkt. No. 7, at 2-3. Thus, plaintiff's assertion that he was denied access to administrative remedies due to defendants' unspecified actions is completely contradicted by plaintiff's admission that he filed an original grievance, and upon receipt of an unfavorable determination, appealed.

Finally, the Court must consider whether any special circumstances have been plausibly alleged that would justify plaintiff's failure to exhaust all available remedies prior to

---

[6] SHUs exist in all maximum and certain medium security facilities. The units "consit of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. COMP. CODES R. & REGS. tit 7, § 300.2(b). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

10

filing this action.  Plaintiff offers as a justification for filing this action preemptively the fact that CORC did not render its decision within the statutory thirty-day allotment.  Dkt. No. 29, at 6.  Thirty-nine days transpired between plaintiff's November 10, 2014 appeal to CORC and plaintiff's filing of this action on December 19, 2014.  Dkt. No. 7, at 1-2.  Plaintiff argues that, since the thirty-day limit passed by the time he commenced this action, the Court should consider him to have met the exhaustion requirement.  Dkt. No. 29, at 6.

This Court has repeatedly held that "CORC's failure to act within the time frame set out in the regulations does not constitute a special circumstance justifying the failure to exhaust" prior to commencing an action.  Ford v. Smith, No. 9:12-CV-1109 (TJM/TWD), 2014 WL 652933, at *3 (N.D.N.Y. Feb. 19, 2014); see also Couvertier, 2014 WL 2781011, at *5 (citation omitted) (holding that the plaintiff having to wait "at least five month[s]" for a decision from CORC did not constitute a special circumstance that would justify the plaintiff filing a lawsuit before fully exhausting all available remedies); Partee, 2007 WL 2164529, at *3 ("A[n]inmate/plaintiff's claim is not exhausted until he appeals to the CORC and receives a final decision regarding his grievance.")

As plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, and failed to show why he should be excused from the exhaustion requirement, plaintiff has failed to exhaust his administrative remedies.  See Ford, 2014 WL 652933, at *3.  As discussed herein, the fact that CORC rendered a denial on February 18, 2015 does not affect the decision to grant defendants' motion to dismiss because plaintiff must fully exhaust prior to filing.  See Burgos, 307 F. App'x. at 471.  Accordingly, it is recommended that defendant's motion to dismiss be granted.

The only remaining question is whether plaintiff's claims should be dismissed with or without prejudice. A dismissal of an action for failure to exhaust administrative remedies is generally done without prejudice. McCoy v. Goord, 255 F. Supp. 2d 233, 252 (S.D.N.Y. 2003) (quoting Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002) ("'[i]f the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstating his suit (in the event the administrative claim fails to afford him the desired relief).'"). The statute of limitations for a section 1983 case is three years from when the cause of action accrued. Id. at 253-54. A cause of action accrues "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" Id. (quoting Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). As plaintiff would have known or had reason to know of his alleged injury on the date of the incident, October 1, 2014, the statute of limitations on this claim is not yet expired. Accordingly, it is recommended that the action be dismissed without prejudice.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 26) be **GRANTED**; and it is further

**RECOMMENDED** that plaintiff's complaint (Dkt. No. 7) be **DISMISSED** without prejudice, for failure to fully exhaust all available administrative remedies before commencing this action; and it is

**ORDERED** that the Clerk of the Court serve this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Date: September 30, 2015
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge